UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:02-CR-67-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PAULA JEAN FRETZ, | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion to Intervene [DE-29] and Motion to Unseal [DE-31] filed by Rachael Casey. For the reasons stated below, the Motion to Intervene [DE-29] is ALLOWED and the Motion to Unseal [DE-31] is ALLOWED in part.

## I. BACKGROUND

### A. Underlying criminal case

Paula Fretz, the defendant in this action, was named in a criminal information [DE-2] filed on May 15, 2002, and entered a plea of guilty thereto on June 20, 2002. Prior to the sentencing hearing, Fretz's attorney filed Motion for Downward Departure [DE-12] on September 24, 2002. At the time, Fretz's attorney did not file a motion to seal the Motion for Downward Departure. On October 1, 2002, Fretz was sentenced to 37 months imprisonment [DE-14].

On October 2, 2003, the Government filed a Request for Hearing Relative to Rule 35 [DE-17]. The Government did not file a motion to seal the Request. The undersigned conducted a hearing on the Government's Rule 35(b) motion on November 10, 2003; the court room was not sealed during the hearing. The court allowed the Government's motion, and Fretz's sentence was reduced to 27 months imprisonment [DE-18].

Fretz, acting pro se, filed a Motion Amend Federal Sentence "Nunc Pro Tunc" to run Concurrent with State Sentence [DE-19] on May 18, 2004. She did not file a motion to seal the Motion to Amend. The court denied Fretz' motion in an order [DE-20] filed on May 25, 2004.

### B. Rachael Casey's criminal proceedings

Casey's attorneys represent that she presently is in custody pursuant to the judgment of a New York state court imposed after a March 2003, trial, during which Fretz testified for the prosecution. Casey's attorneys represent that Fretz claimed to have heard Casey make an inculpatory statement, and denied any effort or desire to benefit from her cooperation with the New York authorities. Nevertheless, as the preceding history indicates, the United States Government filed a Request for Hearing Relative to Rule 35(b) approximately six months after Fretz's testimony in the Casey trial.

Casey is now represented by the Cornell Law School Innocence Clinic, and is seeking post-conviction relief. On October 14, 2011, the Clinic sent a local attorney, John Mills, to inspect and copy the file maintained by the Clerk of Court in the instant case. Aff. of John Mills [DE-32-1] ¶ 2. Mr. Mills states he was permitted to inspect the entire file, but a Clerk's office employee refused his request for a copy of the file on the basis that the file would first need to be reviewed to determine if there were any documents that needed to be under seal. *Id.* ¶ 3.

### C. Sealing in this action

On December 2, 2011, the Government and Fretz filed a Joint Motion to Seal [DE-25], requesting that the Motion for Downward Departure [DE-12], the Request for Hearing Under Rule 35 [DE-17], and the Motion to Amend Federal Sentence [DE-19] all be filed under sealed. The Government and Fretz gave no reason for the sealing in the motion; however, they did provide a proposed order which stated the documents contained sensitive, personal information

and identifying information which should not be made available to the public. Proposed Order [DE-25-1]. On December 5, 2011, the court allowed the motion to seal, stating this "order is grounded on the parties' well-founded concern that the motions contain sensitive, personal information and identifying information which should not be made available to the general public." December 5, 2011, Order [DE-26].

Meanwhile, Casey's attorneys were communicating with the Clerk's office and other court personnel about obtaining a copy of the file in this case. Casey's attorneys represent they did receive a set of documents from the casefile on December 12, 2011, which did not include any of the documents sealed by the court's December 5, 2011, Order. Casey's attorneys indicate that the documents she seeks are the ones sealed by the court's December 5, 2011, Order.

## II. DISCUSSION

At the outset, the court observes that it is well-settled that a motion to intervene is appropriate to assert the public's right of access to criminal proceedings. *See, e.g., United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008)(explaining that although the Federal Rules of Criminal Procedure do not expressly reference motions to intervene, such motions are commonly used to assert the public's First Amendment right to access of criminal proceedings); *United States v. Moussaoui*, 65 F.3d Appx.881, 884 (4th Cir. 2003)(granting the motion to intervene filed by a consortium of media companies and an organization for the limited purpose of obtaining access to certain portions of the court's record and oral argument). Upon review of the motion, and for the reasons stated therein, the court ALLOWS Casey's Motion to Intervene [DE-29] for the purpose

of asserting the public's First Amendment right to access to documents filed in this criminal action.[1]

## A. Standard of Review

When deciding whether to seal judicial documents or proceedings, a court must comply with certain procedural and substantive requirements. With regard to substantive requirements, the public has rights of access to judicial records under both the common law and the First Amendment. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Under common law, there is a presumption of access to judicial records, which may be "rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The First Amendment right of access, however, attaches to only certain judicial records and documents. *Stone*, 855 F.2d at 180. If the First Amendment right of access applies to a judicial document, the public's "access may be denied only on the basis of a compelling governmental interest, only if the denial is narrowly tailored to serve that interest." *Id.* Accordingly, prior to sealing a document, a court must first determine the source of the public's right to access the document, and then must weigh the appropriate interests.

With regard to procedure, the court must give the public notice of a request to seal and a reasonable opportunity to challenge it. *Stone*, 855 F.2d at 181(citing *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Such notice may be accomplished by docketing a motion to seal "reasonably in advance of deciding the issue." *Id.* A court "must consider less drastic alternatives to sealing, and if it decides to seal documents, must 'state the reasons for its decision

---

[1] The court does not reach Casey's argument that her Due Process rights provide sufficient interest to intervene in the action.

to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review.' " *Id.* (quoting *In re Knight*, 743 F.2d at 235).

Casey correctly observes that this court did not strictly comply with these aforementioned requirements when ruling on the Joint Motion to Seal. Accordingly, the court will do so now when considering Casey's Motion to Unseal.

**B. Source of Right of Access**

It is well-settled that the First Amendment guarantees the right of the public to attend criminal trials. *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982). The Fourth Circuit has held that "the First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as to the hearing themselves." *In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986).

In this case, the documents at issue consist of a motion for downward departure, a motion for reduction of sentence under Rule 35, and a motion to amend a sentence. The motion for downward departure plainly is a document filed in connection with a sentencing hearing, and therefore the First Amendment presumption of access attaches to it. *United States v. Dare*, 568 F.Supp.2d 242, 244 (N.D.N.Y. 2008)("It is well-recognized that the public has a strong right to sentencing memoranda under the First Amendment."); *United States v. Taylor*, No. 5:07-CR-00123, 2008 WL 161900 at *2 (S.D.W.Va. Jan. 15, 2008)(concluding that the First Amendment right of access attaches to a sentencing memorandum filed by a defendant). In this court's view, the motion for a reduction of sentence under Rule 35, and a motion to amend a sentence also fall into the category of being documents filed in connection with a sentencing hearing. Accordingly, the court finds that the First Amendment presumption of access applies to each of the documents at issue.

## C. Balancing the Rights of Access With Competing Interests

Having found that the First Amendment presumption of access applies to each of the relevant documents, the court may continue to restrict access to the documents only on the basis of a compelling government interest, and only if the restriction is narrowly tailored to serve that interest. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982).

The Motion for Downward Departure [DE-12] filed by Fretz concerns, in large part, the psychological and physical well-being of her minor children. The motion consists of two sections. Section I of the motion focuses almost entirely on the physical and psychological concerns of Fretz's minor children, and goes into detail about the challenges the children faced at the time of sentencing. Section II discusses the mental state of Fretz, but does detail two incidents of abuse directed at Fretz's minor children from other family members. All of the exhibits attached to the motion are health records or letters from care providers and/or department of social services personnel concerning the children. The Supreme Court has recognized that the Government has a compelling interest in "safeguarding the physical and psychological well-being of a minor." *Globe Newspaper*, 457 U.S. at 607. The court finds that restricting access to much of the information contained in the Motion for Downward Departure is necessitated by the compelling and overwhelming government interest in the psychological health and welfare of the minor children identified in the motion.[2] Nevertheless, the court does not find the wholesale sealing of the entirety of the Motion for Downward Departure and exhibits to be narrowly tailored to serve the governmental interest. Rather, the court finds that a redacted version of the motion

---

[2] The court recognizes that the Motion for Downward Departure was not sealed for a number of years. Nevertheless, the court does not find that this diminishes the continuing interest in protecting the well-being of the minor children whose personal information was disclosed through no fault of their own.

must be placed in the public file. Accordingly, Fretz is ORDERED to file, within fourteen (14) days of the filing date of this order, a redacted Motion for Downward Departure that redacts the entirety of Section I of the Motion, and uses only the initials of the minor children in Section II. Additionally, Fretz shall refrain from filing any of the exhibits filed with the original Motion for Downward Departure. The Clerk of Court is DIRECTED to continue to maintain the original Motion for Downward Departure [DE-12] under SEAL.

The court does not, however, find any compelling government interest which requires the court to continue to maintain the Request for Hearing under Rule 35(b) or the Motion to Amend Federal Sentence. To be sure, courts have recognized there is a compelling governmental interest in preserving the confidentiality of ongoing criminal investigations, and on that basis have sealed motions regarding substantial assistance of a defendant. *See United States v. Miliken*, 780 F.Supp. 123, 128 (S.D.N.Y. 1991). This court also has recognized there is a compelling government interest in protecting the safety of cooperating defendants, and has issued an Amended Standing Order which provides that motions regarding the substantial assistance of a defendant shall be filed under seal. *See* Amended Standing Order 09-SO-02. By its terms, however, the Amended Standing Order does not envision sealing of such motions in perpetuity; rather, motions for substantial assistance are to be maintained under seal for a period of two years.[3] In this case, the Request for Hearing Under Rule 259b) and the Motion to Amend Federal Sentence were accessible to the public from the date of their filing–October 2, 2003 and May 18, 2004, respectively–until December 5, 2011. There is no indication in the record before the court that Fretz, who is no longer incarcerated, is subject to any threat of reprisal for her cooperation in

---

[3] The presiding judge has the ability to extend the original sealing order. Amended Standing Order 09-SO-02 at p. 4.

Casey's prosecution. In any event, the fact of her cooperation already is public knowledge. Under these circumstances, and given that neither Fretz nor the Government has filed any objection to Casey's motion, the court ORDERS that the Request for Hearing Under Rule 35 [DE-17] and Motion to Amend Federal Sentence [DE-19] be UNSEALED.[4]

### III. CONCLUSION

For the foregoing reasons, Rachael Casey's Motion to Intervene [DE-29] is ALLOWED and her Motion to Unseal [DE-31] is ALLOWED in part. The Clerk of Court is DIRECTED to unseal the Request for Hearing Under Rule 35 [DE-17] and Motion to Amend Federal Sentence [DE-19]. The Clerk of Court is DIRECTED to continue to maintain the Motion for Downward Departure [DE-12] under seal. Fretz is ORDERED to file, within fourteen (14) days of the filing date of this order, a redacted Motion for Downward Departure that redacts the entirety of Section I of the Motion, and uses only the initials of the minor children in Section II. Additionally, Fretz shall refrain from filing any of the exhibits filed with the original Motion for Downward Departure.

---

[4] Casey also complains, in a footnote in her Memorandum in Support of Motion to Seal [DE-32], that her mailing from the Clerk of Court omitted two other documents in addition to the motions sealed by the December 5, 2011, Order. Specifically, Casey contends that she did not receive "a letter from Alan Williams requesting a sentence reduction for Fretz, and the July 19, 2004, letter, from the [Bureau of Prisons]." Mem. [DE-32] at p.3 n.6. The court has reviewed the entire docket and casefile in this action, and does not see any letter from Alan Williams requesting a reduction for Fretz. The only filing on behalf of the Government regarding a sentence reduction for Fretz is the Request for Hearing Relative to Rule 35 [DE-17], filed by Assistant United States Attorney John Bowler on behalf of Special Assistant United States Attorney Alan Williams. That document is unsealed by the instant order.
The July 14, 2009, letter from the Bureau of Prisons referenced by Casey is an informational copy of correspondence to the undersigned was inadvertently disclosed to the public. The court finds that the letter is not a "judicial record" and Casey is not entitled to a copy of it.

SO ORDERED. This the 10 day of May, 2012.

                                 _James C Fox_
                                 JAMES C. FOX
                                 Senior United States District Judge